AO 472 (Rev. 09/08) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. SA-15-M-352-PM |
| Juan Arevalo | ) | |
| *Defendant* | ) | |

**DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

## Part I—Findings of Fact

☑ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) ~~and has previously been convicted of~~ ~~☐ a federal offense    ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed~~ - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

  ☐ a minor victim

  ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

  ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of less than five years has elapsed since the    ☐ date of conviction    ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☑ (1) There is probable cause to believe that the defendant has committed an offense

☑ for which a maximum prison term of ten years or more is prescribed in Cont.Subs.Act    .

☐ under 18 U.S.C. § 924(c).

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).    Page 1 of 2

AO 472 (Rev. 09/08) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

☐ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☐ (1)  There is a serious risk that the defendant will not appear.

☑ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by ☑ clear and convincing evidence  ☐ a preponderance of the evidence that

For the reasons stated in the open court record at the conclusion of the evidentiary hearing held on the Government's motion for detention, and considering the factual matters in the Pretrial Services report (as corrected on the hearing record), the Government has established by clear and convincing evidence that conditions reasonably available to the Court, even in combination, will not ensure the safety of any other person or the community if defendant were to be released on bond. Defendant was on a state bond for a drug offense when arrested in this case. Even though he may have paid his bonding company all money owed and was reporting as directed to the bonding company, he was arrested in this case after being chased down in a foot chase. See attachment.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:  04/28/2015

_Judge's Signature_

Pamela Mathy, United States Magistrate Judge

_Name and Title_

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

<u>United States v. Juan Arevalo</u>,
SA-15-M-351-1

During the foot chase, defendant was seen to toss a rectangular box which was found to contain approximately 1,347.0 gross weight grams of cocaine, a significant quantity. Thus, the presumption of detention applies. The weight of the evidence appears to be sufficiently strong to support the serious act of detention. It may well be that, as this case progresses, it will be appropriate to place defendant in an in-patient drug treatment program as a condition of bond, but cannot conclude such a placement is appropriate at this time. Again, defendant was on a state bond that required him to comply with all conditions of federal, state or local law yet, he has told Pretrial he has been using cocaine and marijuana on a weekly basis since approximately 24 years old, conduct that has placed defendant in regular contact with individuals distributing illegal drugs, conduct that has occurred while on state bond. The Court concludes the Government has sustained its burden to show by clear and convincing evidence that conditions in combination will not reasonably insure the safety of any other person or the community. The presumption of detention has not been rebutted.